## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Mark Wilson Hunter,<br><br>                                        Debtor.<br><br>Mark Wilson Hunter,<br><br>                                        Plaintiff,<br><br>v.<br><br>GreenTree Servicing, LLC,<br><br><br>                                        Defendant. | C/A No. 10-02375-dd<br><br>Adv. Pro. No. 14-80045-dd<br><br>Chapter 13<br><br>**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO COMPEL** |

This matter is before the Court on a Motion to Compel Production of Documents and Responses to Interrogatories ("Motion") filed by the Debtor-Plaintiff, Mark Wilson Hunter, on August 19, 2014. Defendant GreenTree Servicing, LLC ("GreenTree") filed a response and the Court held a hearing on September 9, 2014. After hearing the argument of the parties, the Court took the matter under advisement and now issues this order.

The Plaintiff filed this adversary on May 9, 2014. In the complaint, he alleges that the Defendant sent him loan statements that do not include information about the amount of payments due or the account balance, as well as multiple requests for loan modifications. The complaint also alleges that GreenTree has not responded to the Plaintiff's RESPA[1] request for an accounting of the loan. Pursuant to these facts, the Plaintiff alleges that GreenTree is liable to

---

[1] RESPA refers to the Real Estate Settlement Procedures Act, which provides for borrowers to make "qualified written requests" to loan servicers for an accounting of a loan when the borrower believes the loan account is in error. 11 U.S.C. § 2605(e). The statute requires servicers to acknowledge the requests within 5 business days and respond within 30 business days. *Id*.

1

him under a variety of theories, including negligence, violation of RESPA, and violation of the South Carolina Unfair Trade Practices Act, S.C. Ann. § 39-5-20 ("SCUTPA").

GreenTree timely responded to the complaint and the parties commenced discovery. On August 19, 2014, the Plaintiff filed a motion to compel GreenTree to produce certain documents and answer certain interrogatories. GreenTree responded and the Court held a hearing. At the hearing, counsel for both parties informed the Court that they had resolved portions of the dispute, and additional portions were clarified at the hearing based on assertions from counsel.[2] The parties then asked the Court to rule whether GreenTree needed to produce the following discovery:

- any training manuals and policies and procedures regarding incorporating recent changes to Regulations X and Z (Request to Produce #5);

- any policy manuals, internal memoranda, emails, training guidelines or other written information on informing the customer of any payment changes postpetition (Request to Produce #6);

- any policy manuals, internal memoranda, emails, training guidelines or other written information on informing the customer of any arrearage to their loan (Request to Produce #7);

- any policy manuals, internal memoranda, emails, training guidelines or other written information on applying postpetition payments into a suspense account (Request to Produce #9);

- policies as transferee of the mortgage loans while in bankruptcy and any other documentation supporting said policies (Request to Produce #14);

- copies of complaints and orders in every case since 2008 where it was alleged that GreenTree misapplied payments, improperly accounts for payments postpetition,

---

[2] Specifically, Defendant's counsel advised the Court that the Plaintiff's loan had no prepetition default, was current post-petition, and had an additional payment applied to it from unallocated pre-petition funds, meaning that the Plaintiff had "paid ahead" on his loan. Based on those assertions, Plaintiff's counsel then conceded that her requests for discovery of GreenTree's policy manuals regarding application post-petition and trustee payments were no longer as relevant to the litigation. In addition, counsel for the Defendant admitted that the Defendant did not promptly respond to the RESPA request and informed Plaintiff's counsel and the Court that the Defendant did not have audio recordings of the calls made to GreenTree by Hunter. Accordingly, the Court considers those portions of the Motion to Compel (Interrogatory 20 and Requests for Production 3 and 4) as resolved.

and/or violated unfair trade practice laws, truth in lending laws, or RESPA (Request to Produce #16); and

- copies of any government directives impacting the loan (Request to Produce #17).

GreenTree argues that it need not comply with these discovery requests because they are overly burdensome, are not reasonably calculated to lead to admissible and relevant evidence, and are attempts by the Plaintiff to force GreenTree to settle. The Plaintiff argues that the policy manuals are relevant to show that GreenTree breached its duties to be transparent, promptly respond to requests for information, and comply with RESPA. In addition, the Plaintiff argues that the information about the lawsuits will assist him to prove GreenTree violated the SCUTPA.

The scope of discovery in a lawsuit is generally broad, and permits parties to request "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R Civ. P. 26(b)(1). The "'time-honored cry of 'fishing expedition''" is insufficient to preclude a party from obtaining discovery. *Ralson Purina Co. v. McFarland*, 550 F.2d 967, 973 (4th Cir. 1977) (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). The information sought need not itself be admissible in the case, but rather need only be "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1).

To determine whether the Plaintiff's requests are "relevant," the Court must look to the allegations in the complaint. The complaint alleges that GreenTree breached its duty to provide an accounting to the Plaintiff, and that it violated RESPA, which requires loan servicers to provide accountings to their customers. The Court believes that documents outlining GreenTree's policies towards customers whose loans are in arrears are relevant to both of these inquiries, as these documents will show how GreenTree provides accountings of loans. The Court therefore grants the Plaintiff's request with regards to any policy manuals containing guidelines about informing customers of any arrearage to their loan. The Court fails to see how

3

the other policy manuals – those relating to new government regulations, transferee policies, or policies regarding suspense accounts – are relevant to determining GreenTree's duty to provide an accounting to its customers.[3]

The Plaintiff also alleges violations of the SCUTPA. In order to prevail on a SCUTPA claim, a plaintiff must show that (1) the defendant engaged in an unfair or deceptive act; (2) the unfair or deceptive act affected the public interest; and (3) the plaintiff suffered damages. *Wright v. Craft*, 640 S.E.2d 486, 498 (S.C. App. 2006). Acts have an impact on the public interest if they are capable of repetition. *Singleton v. Stokes Motors, Inc.*, 595 S.E.2d 461, 466 (S.C. 2004). A plaintiff may prove repetition by showing either (1) that the act occurred in the past; or (2) that the company's procedures create a potential for repetition. *Wright*, 640 S.E.2d at 501.

The information on the lawsuits goes to whether GreenTree's actions occurred in the past. This information is therefore relevant to show whether the acts are capable of repetition and affect the public interest. The Defendant's objection, however, that providing all of the information on the lawsuits is unduly burdensome, is well taken. The Court fails to see how *all* complaints and orders will assist the Plaintiff's case. The Defendant, as a national servicer, operates in numerous jurisdictions and is subject to numerous laws that are presumably different than the South Carolina law it allegedly violated. Additionally, it is also likely subject to a plethora of orders, motions, and complaints of varying merit. The Court will therefore limit the Plaintiff's discovery to South Carolina lawsuits where GreenTree was found liable for violating the SCUTPA. The Court will similarly limit the request for information on RESPA violations to lawsuits where GreenTree was found liable, but permit the inquiry to be national in scope. The Court permits discovery regarding these lawsuits through 2010.

---

[3] The Court would note that the Plaintiff offered to enter into a protective order in response to the Defendant's assertion that the information was confidential, and will consider an agreed order upon it being filed.

For the reasons set forth herein, Plaintiff's motion to compel is granted as to Request for Production #7 (requesting GreenTree's policy manuals relating to informing customers of their arrearages), and Request for Production #16 (requesting information pertaining to lawsuits), subject to the limitations set forth in this order. All other relief sought in the Plaintiff's motion is denied. The Defendant shall provide this discovery to the Plaintiff within 14 days.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**09/12/2014**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 09/15/2014